## CROWDER, RECEIVER, *v.* WYNE.

[No. 13,746.   Filed April 3, 1930.   Rehearing denied November 12, 1930.]

*Charles H. Bedwell,* for appellant.
*Lee F. Bays* and *Charles D. Hunt,* for appellee.

LOCKYEAR, J.—This was an action on two claims filed in the receivership of the Citizens Trust Company of Sullivan, Indiana.   The court made a general finding for appellee or claimant in the sum of $5,500, which amount it was found was prior and paramount to the claims of general creditors, and a further finding for appellee in the sum of $900 as a general claim.

The $900 claim was a general deposit that the claimant had with appellant, and was evidenced by two certificates of deposit, one for $500 and the other $400.   There appears to be no dispute about the $900 claim.

The $5,500 claim was for a note and mortgage of $4,000 and a note and mortgage of $1,500, which the evidence shows appellee had bought from the Citizens Trust Company and were in the possession of said trust company at the time a receiver was appointed for it.   The said notes and mortgages, as the evidence shows, were the property of appellee.

The notes and mortgages were in the hands of the receiver upon his appointment, and were in his hands at the time of the trial.   This was an action for the possession of the notes and mortgages, and no demand was ever made for them.   It is true that a payment had been made to the receiver upon one of the notes, but, as to what amount had been paid or what was the value of the notes and mortgages, does not appear.

Without the amount collected being in the evidence or the value of the notes and mortgages being shown, the judgment must be reversed as to the $5,500 claim.   Judgment is affirmed as to the claim for $900.

Judgment is reversed as to the $5,500 claim with instructions to find for appellee, for the amount collected by the receiver on the $4,000 note and the $1,500, together with interest from the date of the collections made by the receiver, and that the amount collected on said notes, together with interest from the date of collection, be ordered paid to her as a preferred claim, and, in the event either of said two notes and mortgages has not been fully collected, the same be ordered delivered to appellee.